UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER F.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5704 BAT

**ORDER REVERSING AND REMANDING FOR CALCULATION OF AWARD OF BENEFITS**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ misevaluated his testimony and the opinions of treating doctor John Maroney, M.D., and the Court should therefore remand for an award of benefits. Dkt. 13. The commissioner agrees the ALJ harmfully erred but argues the Court should remand the case for further proceedings. Dkt. 19. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for calculation of an award of benefits.

To determine whether a case should be remanded for further proceedings or for benefits, the Court asks whether (1) the ALJ failed to provide legally sufficient reasons to reject evidence, (2) the record is fully developed or whether there are outstanding issues that must be resolved, and (3) the record taken as a whole leave not the slightest uncertainty as to the outcome of the proceedings. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir.

2014). A district court abuses its discretion by remanding for further proceedings where the three requirements are satisfied and the record affords no reason to believe the claimant is not, in fact, disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The Court finds all three requirements are met and a remand for award of benefits is appropriate. The is the second time the Court has addressed plaintiff's disability claim. In 2018 the parties agreed the ALJ erred and the case should be remanded. The Court confronted then the same issue it now confronts: should the Court remand for an award of benefits or for further proceedings. The Court remanded for further proceedings. Tr. 1039-1042. Although the Commissioner was given the opportunity to properly address the harmful errors the ALJ committed, the ALJ did not and the Commissioner again concedes the ALJ harmfully erred.

Plaintiff alleged an onset date of December 1, 2012; June 20, 2013 is his last date insured. Tr. 943. Plaintiff testified his symptoms precluded work. Dr. Maroney opined plaintiff had disabling conditions since December 1, 2012. Tr. 36. The relevant time period the commissioner has been examining is now nearly 7 years in the past. The record regarding plaintiff's testimony about the severity of his symptoms during that time period has been addressed twice by the commissioner and is thus fully developed; no useful purpose would be served by remanding this case for yet another hearing. Likewise, the ALJ has now twice improperly rejected opinions Dr. Maroney rendered in 2015 and 2016. The record regarding those opinions is thus also fully developed and remand for further proceedings would serve no useful purpose.

To date, plaintiff has waited nearly six years for his disability determination. The Court remanded the matter in 2018 to address the deficiencies presented in this appeal. Although the case was previously remanded and two hearing have been conducted, by the same ALJ, the case

once again appears before this Court in essentially the same posture: a decision denying benefits based upon undisputed harmful errors and a concession the case should be remanded. Given the case has returned to the same place it was two years ago, the Court finds that a remand for further proceedings would encourage an unfair "heads we win; tails, let's play again" system of disability benefits adjudication. *Beneke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

The Court also considers the delay plaintiff has faced in seeking benefits. The fact further proceedings would add more delay weighs in favor of an award of benefits. *See e.g. Vertigan v. Halter*, 260 F.3d 1044, 1054 (9th Cir. 2001) ("Based on the result of Appendix 2 and the fact that Ms. Vertigan initially applied for disability benefits back in 1985, more than sixteen years ago, we find it appropriate to remand for an award of benefits."); *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988) ("Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only served to cause the applicant further damage—financial, medical, and emotional.").

For the foregoing reasons, the Court concludes remand for an award of benefits is appropriate. The Court accordingly **REVERSES** the commissioner's final decision and **REMANDS** the case for calculation of an award of benefits.

DATED this 30th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge